IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF UTAH NORTHERN DIVISION

| | |
|---|---|
| Nathan Maloy,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>Internal Revenue Service, Department of the Treasury,<br><br>　　　　　　　Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 1:21-cv-0120-DBB-DBP<br><br>Judge David B. Barlow<br><br>Chief Magistrate Judge Dustin Pead |

　　　This matter is referred to the undersigned pursuant to 28 U.S.C. §636(b)(1)(B). (ECF No. 6.) On August 31, 2021, the court granted Plaintiff, Nathan Maloy, leave to proceed *in forma pauperis* without payment of fees under 28 U.S.C. § 1915. (ECF No. 3.) The court reviewed Plaintiff's Complaint and found it failed to state a claim upon which relief may be granted. (ECF No. 7.) Rather than dismissing the complaint at that time, the court gave Plaintiff another opportunity to file an amended complaint within thirty (30) days from the date of that order. *See id.* As of today's date, Plaintiff has not filed an Amended Complaint and the time to do so has passed. For the reasons set forth below, the undersigned recommends that this case be dismissed.

　　　When the court authorizes a party to proceed without prepayment of fees under 28 U.S.C. §1915, under the *in forma pauperis statue* ("IFP statute"), the court must "dismiss the case at any time if . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted." 28 U.S.C. §1915(e)(2)(B)(i)(ii). In determining whether a complaint fails to state a claim, the court employs the same standard used to analyze motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

1

Under Fed. R. Civ. P. 12(b)(6), a court "look[s] for plausibility in th[e] complaint." *Id.* at 1218 (quotations and citations omitted) (second alteration in original). More specifically, the court examines the "allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' 'factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007) (quotations and citation omitted). Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In addition, to properly state a claim, Federal Rule of Civil Procedure 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also* DUCivR 3-5 (the complaint "should state the basis for the court's jurisdiction, the basis for the plaintiff's claim or cause of action, and the demand for relief.").

To comply, a plaintiff must "explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Such information is necessary to provide the opposing party with fair notice of the claims raised and to allow the court to determine if the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City Inc. v. American Cemetery Assn. of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989) (*citing Perrington Wholesale Inc. v. Burger King Corp.*, 631 F.2d 1369, 1371 (10th Cir. 1979)); *see also Nasious*, 492 F.3d at 1163 (10th Cir. 2007) (a plain statement under rule 8 provides defendant with "sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits.").

## DISCUSSION

As a pro se litigant, the court construes Plaintiff's pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Yet even under this liberal standard a plaintiff is not relieved from compliance with the pleading requirements or from stating a claim for which relief may be granted. *Id.* at 1009; *see also* 28 U.S.C. §1915(e)(2)(B)(i)(ii); Fed. R. Civ. P. 8; Fed. R. Civ. P. 12(b)(6). Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant," *Hall* 935 at 1110, and the court cannot "supply additional facts, [or] construct a legal theory . . . that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059, 107 L. Ed. 2d. 954, 110 S. Ct. 871 (1990). Here, even under a liberal standard, Plaintiff's complaint fails to meet the requisite pleading requirements to state a proper claim for relief.

Mr. Maloy's complaint alleges that someone working at the IRS "isn't allowing me to earse [sic] these accounts or any wrong doing." Complaint p. 2. Apparently, none of these "extremely high amounts of money" belongs to Plaintiff, and he is ruined with debt at a young age. *Id.* p. 3. Mr. Maloy asserts a cause of action for "preventing me from filing paperwork (IRS)." In support, Plaintiff states he has images of emails sent to the IRS, and pictures showing him mailing items to the IRS.

It is unclear to the court from these basic facts exactly what type of claim Plaintiff is seeking to bring. Under the Supreme Court's holding in *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), federal officials acting in the performance of their official duties are subject to personal liability for any violations of constitutional rights for which a reasonable official in a similar situation would be aware. Yet *Bivens* remedies are available only where there is a constitutional violation and the victim has no other remedy.

*Davis v. Passman*, 442 U.S. 228 (1979). Even construed broadly, Plaintiff's Complaint fails to bring a cognizable *Bivens* claim.

The Internal Revenue Code provides a statutory scheme to challenge the assessment and collection of taxes. *See Stonecipher v. Bray*, 653 F.2d 398, 401 (9th Cir. 1981), *cert. denied*, 454 U.S. 1145 (1982). Internal Revenue Code § 7433(a) provides that taxpayers may sue the United States if, in connection with the collection of any federal tax, "any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence" disregards the IRS code. 26 U.S.C.A. § 7433. Plaintiff may intend to bring this type of case. The facts before the court, however, lack any specificity as to improper amounts collected by the IRS, or allegations of recklessness or negligence in following IRS guidelines. In short, the court is once again left to guess concerning Plaintiff's intended cause of action. The court cannot construct a legal theory or assume the advocate role for Plaintiff. *White*, 880 F.2d at 1197.

Therefore, pursuant to 28 U.S.C. §1915, under the reasoning set forth above, and in light of Plaintiff's failure to amend his complaint, the undersigned recommends that this case be dismissed. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## **RECOMMENDATION**

Accordingly, based upon the foregoing, the undersigned RECOMMENDS that Plaintiff's Complaint be dismissed.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 22 March 2022.

_____
Dustin B. Pead
United States Magistrate Judge