THE UNITED STATES DISTRICT COURT

THE DISTRICT OF UTAH

| | |
|---|---|
| Nathan Maloy,<br><br>     Plaintiff,<br><br>v.<br><br>Internal Revenue Service; Department of the Treasury,<br><br>     Defendants. | **MEMORANDUM DECISION AND ORDER ADOPTING [8] REPORT AND RECOMMENDATION**<br><br>Case No. 1:21-cv-00120-DBB-DBP<br><br>District Judge David Barlow<br><br>Magistrate Judge Dustin Pead |

Before the court is Plaintiff's objection[1] to Magistrate Judge Dustin Pead's Report and Recommendation to dismiss the case.[2] For the following reasons, the court overrules Plaintiff's objection and adopts in full Judge Pead's Report and Recommendation.

## BACKGROUND

Plaintiff proceeds pro se and *in forma pauperis*. The case was referred to Judge Pead under 28 U.S.C. § 636(b)(1)(b).[3] Plaintiff brings an action against the IRS for allegedly preventing him from filing paperwork to clear his name.

Judge Pead conducted an initial screening of Plaintiff's complaint. Because it was "unclear…exactly what type of claim" Plaintiff sought to bring, Judge Pead ordered the Plaintiff to file an amended complaint.[4] Plaintiff did not file an amended complaint within the time allotted. Judge Pead then entered a Report and Recommendation that the complaint be dismissed

---

[1] Motion for Written Objections (Objection), ECF No. 9, filed March 22, 2022; *see also* Exhibits, ECF No. 10.
[2] Report and Recommendation (R&R), ECF No. 8, filed March 22, 2022.
[3] ECF No. 6.
[4] Order dated January 5, 2022, ECF No. 7.

for failure to state a claim.[5] Plaintiff submitted a timely objection to Judge Pead's Report and Recommendation.[6] The objection states as follows:

> For not going over evidence correctly, you can clearly see that I don't need to 'amend' or even refile based on everything available. I've cleared everything in my name as you ca[n] see and they are still refusing to allow me a trial. And for combining both a last case I'd file with current case, and dismissing based on last case not being amended or refiled. Basically not allowing me civil rights and forcing debt upon me.

## ANALYSIS

"[T]o state a claim in federal court, a complaint must explain what each defendant did [to the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated."[7] Although a court "must construe [a pro se litigant's] arguments liberally[,] this rule of liberal construction stops, however, at the point at which [the court] begin[s] to serve as his advocate."[8]

Even though Plaintiff attaches additional documents to his objection and adds another paragraph that essentially claims the IRS is "forcing debt upon me,"[9] he still has failed to adequately state a claim for relief and, thus, his claim must be dismissed. Plaintiff's objection and attached exhibits do not sufficiently show that the IRS has violated a specific legal right.

Plaintiff alleges he is bringing the claim under 42 U.S.C. § 1983.[10] However, Section 1983 provides a cause of action for a violation or deprivation of federal rights by *state* law.[11] The

---

[5] R&R at 1, 5.
[6] *See* Objection & Exhibits.
[7] *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).
[8] *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).
[9] Objection at 1.
[10] Complaint at 1, ECF No. 4.
[11] 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of *any State* or Territory or the District of Columbia, subjects or causes to be subjected, any Citizen of the United States….to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured…."); *Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000) (stating that Section 1983 is "only applicable to actions by state and local entities, not by the federal government"); *see also Segal v. C.I.R.*,

Tenth Circuit has stated, "§ 1983, 'does not apply to federal officers acting under color of federal law.'"[12] Plaintiff is seeking a claim against the IRS, a federal entity.[13] Therefore, he cannot bring a Section 1983 claim. Furthermore, the United States "cannot be sued without its consent."[14] Plaintiff has not alleged any waiver of sovereign immunity that would allow him to bring such a claim against the IRS.[15]

Judge Pead noted that Plaintiff might be seeking to state a claim under 26 U.S.C. § 7433(a) which provides a cause of action if an employee of the IRS "recklessly or intentionally, or by reason of negligence, disregards any provision of this title." Even liberally construing Plaintiff's allegations, there are insufficient facts to show any reckless, intentional, or negligent acts in the collection of a debt or other duty under the tax code. The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[16] Moreover, Judge Pead granted Plaintiff thirty days to amend his complaint, but Plaintiff failed to do so.

Additionally, as Judge Pead noted, if Plaintiff is seeking to bring a *Bivens* claim against a federal official acting in performance of their official duties, he must allege facts alleging a constitutional violation and that he has no other remedy.[17] There are insufficient facts to show that the IRS has violated any of Plaintiff's constitutional rights.

---

177 Fed. App'x 29, 30 (11th Cir. 2006) (unpublished) ("But § 1983 provides a remedy for deprivation of federal rights by *state* law: it is not a basis for a suit against the United States or the IRS.").

[12] *Beals v. United States Dep't of Justice*, 460 Fed. App'x 773, 775 (10th Cir. 2012) (unpublished) (citation omitted).
[13] *See generally* Complaint & Objection.
[14] *Id.*
[15] *See Iowa Tribe of Kansas and Nebraska v. Salazar*, 607 F.3d 1225, 1232 (10th Cir. 2010) ("Consequently, plaintiffs may not proceed unless they can establish that the United States has waived its sovereign immunity with respect to their claim.").
[16] *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).
[17] *See Correctional Servs. Corp. v. Malesko*, 524 U.S. 61, 66–67 (2001).

The court finds no errors in the analysis and conclusions in Judge Pead's Report and Recommendation.

## CONCLUSION

Based on the foregoing, the court OVERRULES Plaintiff's objection. Judge Pead's Report and Recommendation is ADOPTED IN FULL. The action is dismissed without prejudice.

Signed April 11, 2022.

BY THE COURT

_____
David Barlow
United States District Judge